Jake MAXWELL v. STATE.

No. 17025.

Court of Criminal Appeals of Texas.

Nov. 21, 1934.

Fred Chandler, of Stephenville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for burglary; punishment, two years in the penitentiary.

Appellant entered his plea of guilty to the charge. The record is before us without a statement of facts or bills of exception.

All matters of procedure appearing regular, the judgment will be affirmed.

A. J. MIDGETT v. STATE.

No. 17052.

Court of Criminal Appeals of Texas.

Nov. 28, 1934.

Baskett & DeLee, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is perjury; penalty assessed at confinement in the penitentiary for ten years.

The evidence heard before the trial court is not brought forward for review.

So far as we are able to judge, the indictment seems adequate to charge the offense. In the absence of the statement of facts, we are not prepared to say that the exceptions to the indictment were not properly overruled.

The charge of the court, especially in the absence of the statement of facts, is deemed adequate to properly inform the jury of the law applicable to the various phases of the alleged offense.

The Indeterminate Sentence Law (Vernon's Ann. C. C. P. art. 775) is recognized in the judgment which orders the appellant to confinement in the penitentiary for a term of not less than two nor more than ten years.

Finding no error justifying a reversal, the judgment is affirmed.

Willis MOORE v. STATE.

No. 17084.

Court of Criminal Appeals of Texas.

Dec. 12, 1934.

Sam Williams, of Mt. Pleasant, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the state penitentiary for a term of two years.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.